**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| ROUND ROCK RESEARCH, LLC,<br>Plaintiff,<br>v.<br>J. C. PENNEY COMPANY, INC.,<br>Defendant. | Civil Action No. 1:11-cv-01243-RGA<br>**JURY TRIAL DEMANDED** |

**AMENDED COMPLAINT**

Plaintiff Round Rock Research, LLC ("Round Rock"), for its Complaint against Defendant J. C. Penney Company, Inc. ("J. C. Penney"), hereby alleges as follows:

**The Parties**

1. Plaintiff Round Rock is a Delaware limited liability company with its principal place of business at 26 Deer Creek Lane, Mount Kisco, NY 10549.

2. Defendant J. C. Penney is a Delaware corporation, with a principal place of business at 6501 Legacy Drive, Plano, Texas 75024.

**Nature Of The Action**

3. This is a civil action for infringement of five United States patents, arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.

**Jurisdiction And Venue**

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b) and (c), and 1400(b), because J. C. Penney resides in this district, is subject to personal jurisdiction in this district, and has committed acts of infringement in this district.

**The Patents-In-Suit**

6. United States Patent No. 5,500,650 ("the '650 patent"), entitled "Data Communication Method Using Identification Protocol," was duly and legally issued by the United States Patent and Trademark Office on March 19, 1996. A copy of the '650 patent is attached hereto as Exhibit A.

7. United States Patent No. 5,627,544 ("the '544 patent"), entitled "Data Communication Method Using Identification Protocol," was duly and legally issued by the United States Patent and Trademark Office on May 6, 1997. A copy of the '544 patent is attached hereto as Exhibit B.

8. United States Patent No. 5,974,078 ("the '078 patent"), entitled "Modulated Spread Spectrum In RF Identification Systems Method," was duly and legally issued by the United States Patent and Trademark Office on October 26, 1999. A copy of the '078 patent is attached hereto as Exhibit C.

9. United States Patent No. 6,459,726 ("the '726 patent"), entitled "Backscatter Interrogators, Communication Systems And Backscatter Communication Methods," was duly and legally issued by the United States Patent and Trademark Office on October 1, 2002. A copy of the '726 patent is attached hereto as Exhibit D.

10. United States Patent No. RE41,531 ("the '531 patent"), entitled "Communications Systems For Radio Frequency Identification (RFID)," was duly and legally issued by the United

States Patent and Trademark Office on August 17, 2010. A copy of the '531 patent is attached hereto as Exhibit E.

11. The '650 patent, '544 patent, '078 patent, '726 patent, and '531 patent are collectively referred to herein as the "patents-in-suit."

12. Round Rock is the exclusive owner of all rights, title, and interest in each of the patents-in-suit, and has the right to bring this suit to recover damages for any current or past infringement of each of the patents-in-suit.

## COUNT I

### Infringement Of The '650 Patent

13. Paragraphs 1 through 12 are incorporated by reference as if fully stated herein.

14. The '650 patent is valid and enforceable.

15. J. C. Penney has infringed, and continues to infringe, one or more claims of the '650 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by practicing every step of those claims in the United States, including for example, by using products and systems consisting of or including ultra-high frequency passive radio frequency identification tags and/or radio frequency identification readers (collectively, "RFID products").

16. J. C. Penney has had knowledge of and notice of the '650 patent and its infringement since at least November 15, 2011, through a letter sent by Round Rock to J. C. Penney concerning the '650 patent and its infringement.

17. Round Rock has been and continues to be damaged by J. C. Penney's infringement of the '650 patent.

18. J. C. Penney's infringement of the '650 patent was, and continues to be, willful.

19. J. C. Penney's conduct in infringing the '650 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT II

### Infringement Of The '544 Patent

20. Paragraphs 1 through 19 are incorporated by reference as if fully stated herein.

21. The '544 patent is valid and enforceable.

22. J. C. Penney has infringed, and continues to infringe, one or more claims of the '544 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by practicing every step of those claims in the United States, including for example, by using RFID products.

23. J. C. Penney has had knowledge of and notice of the '544 patent and its infringement since at least November 15, 2011, through a letter sent by Round Rock to J. C. Penney concerning the '544 patent and its infringement.

24. Round Rock has been and continues to be damaged by J. C. Penney's infringement of the '544 patent.

25. J. C. Penney's infringement of the '544 patent was, and continues to be, willful.

26. J. C. Penney's conduct in infringing the '544 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT III

### Infringement Of The '078 Patent

27. Paragraphs 1 through 26 are incorporated by reference as if fully stated herein.

28. The '078 patent is valid and enforceable.

29. J. C. Penney has infringed, and continues to infringe, one or more claims of the ’078 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing RFID products.

30. J. C. Penney has had knowledge of and notice of the ’078 patent and its infringement since at least December 16, 2010, through a letter sent by Round Rock to J. C. Penney concerning the ’078 patent and its infringement.

31. Round Rock has been and continues to be damaged by J. C. Penney’s infringement of the ’078 patent.

32. J. C. Penney’s infringement of the ’078 patent was, and continues to be, willful.

33. J. C. Penney’s conduct in infringing the ’078 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT IV

### Infringement Of The ’726 Patent

34. Paragraphs 1 through 33 are incorporated by reference as if fully stated herein.

35. The ’726 patent is valid and enforceable.

36. J. C. Penney has infringed, and continues to infringe, one or more claims of the ’726 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products and/or methods encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing RFID products.

37. J. C. Penney has had knowledge of and notice of the '726 patent and its infringement since at least November 15, 2011, through a letter sent by Round Rock to J. C. Penney concerning the '726 patent and its infringement.

38. Round Rock has been and continues to be damaged by J. C. Penney's infringement of the '726 patent.

39. J. C. Penney's infringement of the '726 patent was, and continues to be, willful.

40. J. C. Penney's conduct in infringing the '726 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

## COUNT V

### Infringement Of The '531 Patent

41. Paragraphs 1 through 40 are incorporated by reference as if fully stated herein.

42. The '531 patent is valid and enforceable.

43. J. C. Penney has infringed, and continues to infringe, one or more claims of the '531 patent under 35 U.S.C. § 271(a), either literally and/or under the doctrine of equivalents, by making, using, selling, and/or offering for sale in the United States, and/or importing into the United States, products encompassed by those claims, including for example, by making, using, selling, offering for sale, and/or importing RFID products.

44. J. C. Penney has had knowledge of and notice of the '531 patent and its infringement since at least November 15, 2011, through a letter sent by Round Rock to J. C. Penney concerning the '531 patent and its infringement.

45. Round Rock has been and continues to be damaged by J. C. Penney's infringement of the '531 patent.

46. J. C. Penney's infringement of the '531 patent was, and continues to be, willful.

47. J. C. Penney's conduct in infringing the '531 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

**Prayer For Relief**

WHEREFORE, Round Rock prays for judgment as follows:

A. That J. C. Penney has infringed each of the patents-in-suit;

B. That J. C. Penney's infringement of each of the patents-in-suit has been willful;

C. That Round Rock be awarded all damages adequate to compensate it for J. C. Penney's infringement of the patents-in-suit, such damages to be determined by a jury and, if necessary to adequately compensate Round Rock for the infringement, an accounting, and that such damages be trebled and awarded to Round Rock with pre-judgment and post-judgment interest;

D. That this case be declared an exceptional case within the meaning of 35 U.S.C. § 285 and that Round Rock be awarded the attorney fees, costs, and expenses that it incurs prosecuting this action; and

E. That Round Rock be awarded such other and further relief as this Court deems just and proper.

**Demand For Jury Trial**

Plaintiff Round Rock hereby demands a trial by jury on all issues so triable.

Dated: December 22, 2011

FARNAN LLP

/s/Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300 (Telephone)
(302) 777-0301 (Facsimile)

bfarnan@farnanlaw.com

*Counsel for Plaintiff*
*Round Rock Research, LLC*

*Of Counsel:*

Jon T. Hohenthaner
jhohenthaner@desmaraisllp.com
Jason Berrebi
jberrebi@desmaraisllp.com
Eugene Chiu
echiu@desmaraisllp.com
DESMARAIS LLP
230 Park Avenue
New York, NY 10169
(212) 351-3400 (Telephone)
(212) 351-3401 (Facsimile)