**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **ROUND ROCK RESEARCH, LLC** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 1:11-CV-01243-RGA** |
| | § | |
| **J.C. PENNEY CORPORATION, INC.,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **Defendant.** | § | |
| | § | |
| | § | |

**J.C. PENNEY CORPORATION, INC.'S ANSWER AND COUNTERCLAIMS**
**TO PLAINTIFF'S AMENDED COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15, Defendant J.C. Penney Corporation, Inc. ("J.C. Penney Corporation") files this Answer and Counterclaims to Plaintiff Round Rock Research, LLC's ("Round Rock") Amended Complaint (the "Complaint"). Except as expressly admitted hereafter, J.C. Penney Corporation denies each allegation contained in the Complaint. J.C. Penney Corporation reserves the right to file a motion to transfer as appropriate. In response to the specific allegations in the Complaint, J.C. Penney Corporation states as follows:

## J.C. PENNEY CORPORATION'S ANSWER

## THE PARTIES

1. J.C. Penney Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint, and therefore denies the same.

2. J.C. Penney Corporation admits that J.C. Penney Corporation, Inc. is a Delaware corporation with its current principal place of business located at 6501 Legacy Drive, Plano, Texas 75024.

## NATURE OF THE ACTION

3. J.C. Penney Corporation admits the Complaint purports to be an action for patent infringement of five patents, arising under 35 U.S.C. §101 et seq., but denies any wrongdoing or liability.

## JURISDICTION AND VENUE

4. J.C. Penney Corporation admits that this court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. J.C. Penney Corporation admits that venue is proper under 28 U.S.C. §§ 1391(b) and (c), and 1400(b), but denies that it has committed acts of infringement in this district. J.C. Penney reserves its right to ask this Court to transfer the case to a more convenient forum. J.C. Penney Corporation denies the remaining allegations of Paragraph 5 of the Complaint.

## THE PATENTS-IN-SUIT

6. J.C. Penney Corporation admits that United States Patent No. 5,500,650 ("the '650 patent"), entitled "Data Communication Method Using Identification Protocol," issued on March 19, 1996. J.C. Penney Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint, and therefore denies the same.

7. J.C. Penney Corporation admits that United States Patent No. 5,627,544 ("the '544 patent"), entitled "Data Communication Method Using Identification Protocol," issued on May 6, 1997. J.C. Penney Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint, and therefore denies the same.

8. J.C. Penney Corporation admits that United States Patent No. 5,974,078 ("the '078 patent"), entitled "Modulated Spread Spectrum In RF Identification Systems Method,"

issued on October 26, 1999. J.C. Penney Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint, and therefore denies the same.

9. J.C. Penney Corporation admits that United States Patent No. 6,459,726 ("the '726 patent"), entitled "Backscatter Interrogators, Communication Systems And Backscatter Communication Methods," issued on October 1, 2002. J.C. Penney Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10. J.C. Penney Corporation admits that United States Patent No. RE41,531 ("the '531 patent"), entitled "Communications Systems For Radio Frequency Identification (RFID)," issued on August 17, 2010. J.C. Penney Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint, and therefore denies the same.

11. Paragraph 11 of the Complaint does not contain an allegation to which a response is required. J.C. Penney Corporation collectively refers to the '650 patent, the '544 patent, the '078 patent, the '726 patent, and the '531 patent herein as the "patents-in-suit."

12. J.C. Penney Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

## PURPORTED COUNT I: CLAIM FOR INFRINGEMENT OF THE '650 PATENT

13. J.C. Penney Corporation hereby incorporates by reference its response as set forth in their entirety in Paragraphs 1 through 12 of this Answer.

14. J.C. Penney Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. Denied.

16. J.C. Penney Corporation admits that it received a letter dated November 15, 2011 purporting to be from Round Rock. J.C. Penney Corporation denies the remaining allegations of Paragraph 16 of the Complaint.

17. Denied.

18. Denied.

19. Denied.

**PURPORTED COUNT II: CLAIM FOR INFRINGEMENT OF THE ’544 PATENT**

20. J.C. Penney Corporation hereby incorporates by reference its response as set forth in their entirety in Paragraphs 1 through 19 of this Answer.

21. J.C. Penney Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21 of the Complaint, and therefore denies the same.

22. Denied.

23. J.C. Penney Corporation admits that it received a letter dated November 15, 2011 purporting to be from Round Rock. J.C. Penney Corporation denies the remaining allegations of Paragraph 23 of the Complaint.

24. Denied.

25. Denied.

26. Denied.

**PURPORTED COUNT III: CLAIM FOR INFRINGEMENT OF THE '078 PATENT**

27. J.C. Penney Corporation hereby incorporates by reference its response as set forth in their entirety in Paragraphs 1 through 26 of this Answer.

28. J.C. Penney Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28 of the Complaint, and therefore denies the same.

29. Denied.

30. J.C. Penney Corporation admits that it received a letter dated December 15, 2010 purporting to be from Round Rock. J.C. Penney Corporation denies the remaining allegations of Paragraph 30 of the Complaint.

31. Denied.

32. Denied.

33. Denied.

**PURPORTED COUNT IV: CLAIM FOR INFRINGEMENT OF THE '726 PATENT**

34. J.C. Penney Corporation hereby incorporates by reference its response as set forth in their entirety in Paragraphs 1 through 33 of this Answer.

35. J.C. Penney Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35 of the Complaint, and therefore denies the same.

36. Denied.

37. J.C. Penney Corporation admits that it received a letter dated November 15, 2011 purporting to be from Round Rock. J.C. Penney Corporation denies the remaining allegations of Paragraph 37 of the Complaint.

38. Denied.

39. Denied.

40. Denied.

**PURPORTED COUNT V: CLAIM FOR INFRINGEMENT OF THE ’531 PATENT**

41. J.C. Penney Corporation hereby incorporates by reference its response as set forth in their entirety in Paragraphs 1 through 40 of this Answer.

42. J.C. Penney Corporation is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint, and therefore denies the same.

43. Denied.

44. J.C. Penney Corporation admits that it received a letter dated November 15, 2011 purporting to be from Round Rock. J.C. Penney Corporation denies the remaining allegations of Paragraph 44 of the Complaint.

45. Denied.

46. Denied.

47. Denied.

**PRAYER FOR RELIEF**

J.C. Penney Corporation denies that Round Rock is entitled to any relief requested in its Prayer for Relief, or any other relief, from J.C. Penney Corporation.

**DEMAND FOR JURY TRIAL**

J.C. Penney Corporation admits that Round Rock purports to demand a jury trial.

**J.C. PENNEY CORPORATION’S DEFENSES**

Without assuming any burden other than that imposed by operation of law or admitting that it bears the burden of proof with respect to any of the following defenses, J.C. Penney Corporation alleges as follows:

**FIRST DEFENSE**
**(Failure to State a Claim)**

48. Round Rock fails to state a claim against J.C. Penney Corporation upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

**SECOND DEFENSE**
**(Non-infringement)**

49. J.C. Penney Corporation does not infringe, literally or under the doctrine of equivalents, any valid claim of the patents-in-suit, either directly or indirectly, such as, contributorily or by inducement.

**THIRD DEFENSE**
**(Invalidity)**

50. The claims of the patents-in-suit are invalid for failure to comply with the conditions and requirements for patentability specified in, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

**FOURTH DEFENSE**
**(No Entitlement to Injunctive Relief)**

51. Round Rock is not entitled to injunctive relief as, at a minimum, it has no irreparable injury and it has an adequate remedy at law for J.C. Penney Corporation's alleged infringement.

**FIFTH DEFENSE**
**(Acquiescence, Estoppel, Laches, Waiver)**

52. Round Rock is barred by the doctrines of acquiescence, estoppel, laches, and/or waiver from enforcing the patents-in-suit against J.C. Penney Corporation.

**SIXTH DEFENSE**
**(Limitations on Costs)**

53. Round Rock's recovery for alleged infringement of the patents-in-suit, if any, is limited to any alleged infringement committed no more than six years prior to the filing of its Complaint pursuant to 35 U.S.C. § 286.

**SEVENTH DEFENSE**
**(Limitations on Costs)**

54. Round Rock is precluded from recovering costs under 35 U.S.C. § 288.

**COUNTERCLAIM**

Defendant/Counterclaimant J.C. Penney Corporation, Inc. ("J.C. Penney Corporation") brings the following counterclaims against Plaintiff Round Rock Research, LLC ("Round Rock"):

55. J.C. Penney Corporation hereby incorporates paragraphs 1-54 above as though fully set forth herein.

**PARTIES**

56. J.C. Penney Corporation is a Delaware corporation with its principal place of business at 6501 Legacy Drive, Plano, Texas 75024.

57. Round Rock, as alleged in its Complaint, is limited liability company organized under the laws of Delaware with its principal place of business at 26 Deer Creek Lane, Mount Kisco, NY 10549.

**JURISDICTION AND VENUE**

58. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 2201-2202, 1331, and 1338. A real, immediate, and justiciable controversy exists between J.C. Penney Corporation and Round Rock. The controversy relates to the non-infringement and invalidity of U.S. Patent Nos. 5,500,650 ("the '650 patent"), 5,627,544 ("the '544 patent"), 5,974,078 ("the

’078 patent”), 6,459,726 (“the ’726 patent”), and RE41,531 (“the ’531 patent”) (collectively “the patents-in-suit”). Round Rock has alleged that J.C. Penney Corporation infringes the patents-in-suit.

59. Round Rock is subject to personal jurisdiction and venue in the District of Delaware by virtue of its contacts with the State of Delaware. As the Plaintiff in this case, Round Rock has consented to, and invoked the jurisdiction and venue of this Court.

60. The District of Delaware is the proper venue for J.C. Penney Corporation’s declaratory claims under 28 U.S.C. §§ 1391(b) and (c) and 1400(b). As the Plaintiff in this action, Round Rock has consented to this judicial district being the proper venue for J.C. Penney Corporation’s declaratory claims.

## FIRST CLAIM FOR RELIEF
## DECLARATION OF PATENT NONINFRINGEMENT

61. J.C. Penney Corporation repeats and incorporates by reference the answers and allegations of paragraphs 1-60 as though fully set forth herein.

62. Round Rock has filed in this Court an infringement action to enforce the patents-in-suit against J.C. Penney Corporation, and J.C. Penney Corporation has denied that it directly or indirectly infringed or continues to infringe any valid claim of the patents-in-suit either literally or under the doctrine of equivalents. An actual controversy therefore exists between the parties.

63. No conduct by J.C. Penney Corporation infringes any valid and enforceable claim of the patents-in-suit, and neither does any other product made, used, sold, or offered for sale by J.C. Penney Corporation.

64. Because Round Rock maintains in this action that conduct of J.C. Penney Corporation and products or services currently sold by J.C. Penney Corporation infringe the

patents-in-suit, a declaration of rights between the parties is both appropriate and necessary to establish that J.C. Penney Corporation has not, does not and will not directly or indirectly infringe any valid and enforceable claim of the patents-in-suit either literally or under the doctrine of equivalents.

## SECOND CLAIM FOR RELIEF
## DECLARATION OF PATENT INVALIDITY

65. J.C. Penney Corporation repeats and incorporates by reference the answers and allegations of paragraphs 1-64 and the Defenses set forth above as though fully set forth herein.

66. The patents-in-suit are invalid for failure to satisfy one or more of the statutory requirements of 35 U.S.C. §§ 101, et seq. For example, the patents-in-suit claim inventions that are not novel under 35 US.C. § 102 or claim inventions that are obvious in view of the prior art under 35 US.C. § 103.

67. Because Round Rock has asserted the patents-in-suit against J.C. Penney Corporation, declaratory relief is both appropriate and necessary to establish that the patents-in-suit are invalid and thus cannot be asserted against J.C. Penney Corporation.

## ATTORNEYS' FEES AND COSTS

68. J.C. Penney Corporation repeats and incorporates by reference the answers and allegations of paragraphs 1-67 and the Defenses set forth above as though fully set forth herein.

69. J.C. Penney Corporation is entitled to a declaration that this case is "exceptional" within the meaning of 25 U.S.C. § 285, entitling J.C. Penney Corporation to an award of its reasonable and necessary attorneys' fees, expenses, and costs incurred in this case.

## DEMAND FOR JURY TRIAL

J.C. Penney Corporation requests a jury trial on all claims and issues so triable.

## DEFENDANT'S PRAYER FOR RELIEF

WHEREFORE, Defendants respectfully request the following relief:

A. A judgment that the claims of United States Patent No. 5,500,650 are invalid;

B. A judgment that the claims of United States Patent No. 5,627,544 are invalid;

C. A judgment that the claims of United States Patent No. 5,974,078 are invalid;

D. A judgment that the claims of United States Patent No. 6,459,726 are invalid;

E. A judgment that the claims of United States Patent No. RE41,531 are invalid;

F. A judgment that the claims of United States Patent No. 5,500,650 are not infringed by J.C. Penney Corporation either directly or indirectly, literally or under the doctrine of equivalents;

G. A judgment that the claims of United States Patent No. 5,627,544 are not infringed by J.C. Penney Corporation either directly or indirectly, literally or under the doctrine of equivalents;

H. A judgment that the claims of United States Patent No. 5,974,078 are not infringed by J.C. Penney Corporation either directly or indirectly, literally or under the doctrine of equivalents;

I. A judgment that the claims of United States Patent No. 6,459,726 are not infringed by J.C. Penney Corporation either directly or indirectly, literally or under the doctrine of equivalents;

J. A judgment that the claims of United States Patent No. RE41,531 are not infringed by J.C. Penney Corporation either directly or indirectly, literally or under the doctrine of equivalents;

K. A declaration that this case is exceptional within the meaning of 35 U.S.C. § 285;

L. An award of J.C. Penney Corporation's reasonable and necessary attorneys' fees, expenses, and costs incurred in this action;

M. Dismissal with prejudice of and a take nothing judgment on Round Rock's Complaint and Demand for Jury Trial; and

N. All such other and further relief as the Court deems just and proper.

Dated: February 13, 2012

Respectfully submitted,

/s/ Matthew A. Pearson
Matthew A. Pearson
Delaware Bar No. 4902
AKIN GUMP STRAUSS HAUER & FELD LLP
Two Commerce Square
2001 Market Street, Suite 4100
Philadelphia, PA 19103
Telephone: (215) 965-1200
Facsimile: (215) 965-1210
mpearson@akingump.com

**ATTORNEY FOR DEFENDANT**
**J.C. PENNEY CORPORATION, INC.**